# CIV-190115-CIV-DS1901160-SIF-082104



## Scanned Document Coversheet

System Code:   CIV
Case Number:   DS1901160
Case Type:   CIV
Action Code:   SIF
Action Date:   01/15/19
Action Time:   8:21
Action Seq:   0004
Printed by:   RHERN

THIS COVERSHEET IS FOR COURT PURPOSES ONLY, AND THIS IS NOT A PART OF THE OFFICIAL RECORD. YOU WILL NOT BE CHARGED FOR THIS PAGE

## Summons Issued and filed



NEW FILE

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

UPS SUPPLY CHAIN SOLUTIONS, INC., a Delaware corporation;
[Additional Parties Attachment form is attached]

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

DANIEL IBARRA, an individual,

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

F I L E D
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

JAN 1 5 2019

BY _____
RAFAEL HERNANDEZ, DEPUTY

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case. *¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

The name and address of the court is:
*(El nombre y dirección de la corte es):* San Bernardino District – Civil Division
247 West Third Street
San Bernardino, CA 92415-0210

**CASE NUMBER:** *(Número del Caso):* CIVDS1901160

B Y       F A X

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Jace H. Kim, Esq., THE DOMINGUEZ FIRM, LLP 3250 Wilshire Blvd. Ste. 1200, Los Angeles, CA 90010

| DATE: **JAN 1 5 2019** *(Fecha)* | Clerk, by _____ *(Secretario)* Rafael Hernandez | , Deputy *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use Judicial Council of California SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 www.courtinfo.ca.gov |

**SUM-200(A)**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Ibarra v. UPS Supply Chain Solutions, Inc., et al. | CIVDS1901160 |

### INSTRUCTIONS FOR USE

➔ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

➔ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.):*

☐ Plaintiff  ☑ Defendant  ☐ Cross-Complainant  ☐ Cross-Defendant

UPS SUPPLY CHAIN SOLUTIONS GENERAL SERVICES, INC., a Delaware corporation and DOES 1 through 20, inclusive,

Page _____ of _____

Page 1 of 1

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

# CIV-190115-CIV-DS1901160-CASEEN-082102



## Scanned Document Coversheet

System Code:  CIV
Case Number:  DS1901160
Case Type:  CIV
Action Code:  CASEEN
Action Date:  01/15/19
Action Time:  8:21
Action Seq:  0002
Printed by:  RHERN

THIS COVERSHEET IS FOR COURT PURPOSES ONLY, AND THIS IS NOT A PART OF THE OFFICIAL RECORD. YOU WILL NOT BE CHARGED FOR THIS PAGE

## Complaint and Party information entered



NEW FILE

1   Jace H. Kim, Esq. (SBN 282039)
2   Carlos A. Perez, Esq. (SBN 285645)
    Matias N. Castro, Esq. (SBN 308498)
3   **THE DOMINGUEZ FIRM, LLP**
    3250 Wilshire Boulevard, Suite 1200
4   Los Angeles, California 90010
    Telephone: (213) 381-4011
5   Facsimile: (213) 201-8212

6   Attorneys for Plaintiff,
    DANIEL IBARRA

7

F I L E D
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

JAN 1 5 2019

BY _____
RAFAEL HERNANDEZ, DEPUTY

8               **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                     **FOR THE COUNTY OF SAN BERNADINO**

10                              CIVDS1901160

11  | DANIEL IBARRA, an individual, | **COMPLAINT FOR DAMAGES FOR:** |

12  |                Plaintiff, | 1. **DISABILITY DISCRIMINATION IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.;** |
13  |          v. | |
14  |  | 2. **RETALIATION IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.;** |
15  | UPS SUPPLY CHAIN SOLUTIONS, INC., a Delaware corporation; UPS SUPPLY CHAIN SOLUTIONS GENERAL SERVICES, INC., a Delaware corporation and DOES 1 through 20, inclusive, | 3. **FAILURE TO PREVENT DISCRIMINATION, AND RETALIATION IN VIOLATION OF GOV'T CODE §12940(k);** |
16  | | |
17  | | |
18  |          Defendants. | 4. **FAILURE TO PROVIDE REASONABLE ACCOMMODATIONS IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.;** |
19  | | |
20  | | 5. **FAILURE TO ENGAGE IN A GOOD FAITH INTERACTIVE PROCESS IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.; AND** |
21  | | |
22  | | |
23  | | 6. **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY;** |
24  | | |
25  | | **DEMAND OVER $25,000** |
26  | | **[DEMAND FOR JURY TRIAL]** |

27                                          B Y      F A X

28

-1-
COMPLAINT FOR DAMAGES

**COMES NOW PLAINTIFF**, DANIEL IBARRA, and for causes of action against Defendants and each of them, alleges as follows:

### JURISDICTION

1.     This Court is the proper court, and this action is properly filed in the County of SAN BERNADINO, because Defendants' obligations and liability arise therein, because Defendants maintain offices and transact business within the County of SAN BERNADINO, and because the work that is the subject of this action was performed by Plaintiff in the County of SAN BERNADINO.

### THE PARTIES

2.     Plaintiff, DANIEL IBARRA (hereinafter referred to as "MR. IBARRA"), at all times relevant hereto, was a resident of the County of SAN BERNADINO, State of California.

3.     Plaintiff is informed and believes, and based thereupon alleges, that at all times relevant hereto, Defendant UPS SUPPLY CHAIN SOLUTIONS, INC. was a Delaware corporation, doing business in the County of SAN BERNADINO, State of California.

4.     Plaintiff is informed and believes, and based thereupon alleges, that at all times relevant hereto, Defendant UPS SUPPLY CHAIN SOLUTIONS GENERAL SERVICES, INC. was a Delaware limited liability company, doing business in the County of SAN BERNADINO, State of California.

5.     Defendants UPS SUPPLY CHAIN SOLUTIONS, INC. and UPS SUPPLY CHAIN SOLUTIONS GENERAL SERVICES, INC. (hereinafter referred to jointly as "Employer Defendants"), were Plaintiff's employers, joint employers and/or special employers within the meaning of Government Code §§12926, subdivision (d), 12940, subdivisions (a),(h),(1), (h)(3)(A), and (i), and 12950, and regularly employ five (5) or more persons and is therefore subject to the jurisdiction of this Court.

6.     At all times relevant herein, Employer Defendants were Plaintiff's employers, joint employers and/or special employers within the meaning of the Labor Code and Industrial Welfare Commission Order No. 4-2001, and are liable to Plaintiff on that basis.

///

7.    The true names and capacities, whether individual, corporate, associate, or otherwise, of the Defendants named herein as DOES 1-20, inclusive, are unknown to Plaintiff at this time and therefore said Defendants are sued by such fictitious names. Plaintiff will seek leave to amend this complaint to insert the true names and capacities of said Defendants when the same become known to Plaintiff.  Plaintiff is informed and believes, and based thereupon alleges, that each of the fictitiously named Defendants are responsible for the wrongful acts alleged herein, and are therefore liable to Plaintiff as alleged hereinafter.

8.    Plaintiff is informed and believes, and based thereupon alleges, that at all times relevant hereto, Defendants, and each of them, were the agents, employees, managing agents, supervisors, coconspirators, parent corporation, joint employers, alter egos, successors, and/or joint ventures of Employer Defendants , and in doing the things alleged herein, were acting at least in part within the course and scope of said agency, employment, conspiracy, joint employer, alter ego status, successor status and/or joint venture and with the permission and consent of Employer Defendants.

9.    Plaintiff is informed and believes, and based thereupon alleges, that Employer Defendants and defendants named as DOES 1-20, acted in concert with one another to commit the wrongful acts alleged herein, and aided, abetted, incited, compelled and/or coerced one another in the wrongful acts alleged herein, and/or attempted to do so, including pursuant to Government Code §12940(i).  Plaintiff is further informed and believes, and based thereupon alleges, that Employer Defendants and defendants named as DOES 1-20, and each of them, formed and executed a conspiracy or common plan pursuant to which they would commit the unlawful acts alleged herein, with all such acts alleged herein done as part of and pursuant to said conspiracy, intended to cause and actually causing Plaintiff harm.

10.    Whenever and wherever reference is made in this complaint to any act or failure to act by a Defendant or co-Defendant, such allegations and references shall also be deemed to mean the acts and/or failures to act by Employer Defendants and DOES 1-20 acting individually, jointly and severally.

11.    Plaintiff has filed complaints of discrimination, retaliation, failure to prevent discrimination, and/or retaliation, and wrongful termination under Government Code §§12940, et seq., the California Fair Employment and Housing Act ("FEHA") with the California Department of Fair

1 | Employment and Housing ("DFEH"), and has satisfied Plaintiff's administrative prerequisites with

2 | respect to these and all related filings.

3

4 | ## ALTER EGO, AGENCY, SUCCESSOR AND JOINT EMPLOYER

5 |     12.    Plaintiff is informed and believes, and based thereupon alleges, that there exists such a

6 | unity of interest and ownership between Employer Defendants and DOES 1-20 that the individuality

7 | and separateness of defendants have ceased to exist.

8 |     13.    Plaintiff is informed and believes, and based thereupon alleges, that despite the formation

9 | of purported corporate existence, Employer Defendants and DOES 1-20 are, in reality, one and the

10 | same.

11 |     14.    Accordingly, Employer Defendants and DOES 1-20 constitute the alter egos of one

12 | another, and the fiction of their separate corporate existence must be disregarded.

13 |     15.    As a result of the aforementioned facts, Plaintiff is informed and believes, and based

14 | thereupon alleges that Employer Defendants and DOES 1-20 are Plaintiff's joint employers by virtue

15 | of one or more joint corporations, businesses, or enterprises, and that Plaintiff was an employee of

16 | Employer Defendants and DOES 1-20.  Plaintiff performed services for each and every one of

17 | Defendants, and to the mutual benefit of all Defendants, and all Defendants shared control of Plaintiff

18 | as an employee, either directly or indirectly, and the manner in which Employer Defendants' and DOES

19 | 1-20's businesses were and are conducted.

20 |     16.    Alternatively, Plaintiff is informed and believes, and based thereupon alleges, that as and

21 | between Employer Defendants and DOES 1-20, (1) there is an express or implied agreement of

22 | assumption pursuant to which Employer Defendants and DOES 1-20 agreed to be liable for the debts

23 | of each other, (2) the transaction between Employer Defendants and DOES 1-20 amounts to a

24 | consolidation or merger of the two or more businesses or corporations, (3) Employer Defendants and

25 | DOES 1-20 are mere continuations of each other, or (4) the transfer of assets to Employer Defendants

26 | and DOES 1-20 are for the fraudulent purposes of escaping liability for each other's debts. Accordingly,

27 | Employer Defendants and DOES 1-20 are the successors of each other, and are liable on that basis.

28 | ///

## **FACTUAL ALLEGATIONS**

17.     In or around March 2015, Employer Defendants hired MR. IBARRA to work as a truck driver. MR. IBARRA was a full-time, non-exempt employee, and performed all of his job duties satisfactorily before he was wrongfully terminated on or around April 12, 2018.

18.     On or around March 16, 2017 MR. IBARRA sustained various injuries to his body while working.

19.     Between approximately March 26, 2017 and May 6, 2017 MR. IBARRA was placed on lite duty.

20.     On approximately May 214, 2017 MR. IBARRA's supervisor informed him of Employer Defendant's policy which limits injured employees to two months of lite duty, and that he would no longer be permitted to work until his Doctor had removed his work restrictions.

21.     In or around January 2018, MR. IBARRA contacted his supervisor and informed him that he would be undergoing surgery for his injuries and would be able to return to work within three to four months, after he had recovered.

22.     On or around February 1, 2018 MR. IBARRA underwent surgery for his injuries.

23.     On or around March 16, 2018 MR. IBARRA received a termination letter from Employer Defendant.

24.     After reviewing the letter, MR. IBARRA contacted his supervisor who informed him that the company had filled his position and that he was free to re-apply but should only do so if his Doctor had removed his restrictions otherwise Employer Defendant would not rehire him.

25.     Accordingly, MR. IBARRA was wrongfully terminated on March 16, 2018.

## **FIRST CAUSE OF ACTION**
## **FOR DISCRIMINATION IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.**
## **AGAINST ALL DEFENDANTS**

26.     MR. IBARRA re-alleges and incorporates by reference all preceding paragraphs, inclusive, as though set forth in full herein.

///

-5-

27.     At all times hereto, the FEHA was in full force and effect and was binding upon Employer Defendants.

28.     As such term is used under FEHA, "on the bases enumerated in this part" means or refers to discrimination on the bases of one or more of the protected characteristics under FEHA.

29.     FEHA requires employers to refrain from discriminating against an employee on the basis of disability, and/or medical condition, real or perceived, and engagement in protected activities from occurring.

30.     MR. IBARRA was a member of multiple protected classes as a result of his disability, or perceived disability, medical condition, or perceived medical condition and engagement in protected activities.

31.     At all times relevant hereto, MR. IBARRA was performing competently in the position he held with Employer Defendants

32.     MR. IBARRA suffered the adverse employment actions of unlawful discrimination, failure to investigate, remedy, and prevent discrimination, failure to reinstate and return to work, and termination, and was harmed thereby.

33.     MR. IBARRA is informed and believes that his disability or perceived disability, medical condition or perceived medical condition, and engagement in protected activities, and some combination of these protected characteristics under Government Code §12926(j) were motivating reasons and factors in the decisions to subject MR. IBARRA to the aforementioned adverse employment actions.

34.     Said conduct violates the FEHA, and such violations were a proximate cause in MR. IBARRA's damages as stated below.

35.     The foregoing conduct of Employer Defendants individually, and/or by and through its officers, directors, and/or managing agents, was intended by Employer Defendants to cause injury to MR. IBARRA or was despicable conduct carried out by Employer Defendants with a willful and conscious disregard of the rights of MR. IBARRA or subjected MR. IBARRA to cruel and unjust hardship in conscious disregard of MR. IBARRA's rights such as to constitute malice, oppression, or

1  fraud under Civil Code §3294, thereby entitling MR. IBARRA to punitive damages in an amount
2  appropriate to punish or make an example of Employer Defendants.

3      36.    Pursuant to Government Code §12965(b), MR. IBARRA requests a reasonable award of
4  attorneys' fees and costs, including expert fees pursuant to the FEHA.

## SECOND CAUSE OF ACTION
## FOR RETALIATION IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.
## AGAINST ALL DEFENDANTS

9      37.    MR. IBARRA re-alleges and incorporates by reference all preceding paragraphs,
10 inclusive, as though set forth in full herein.

11     38.    At all times hereto, the FEHA was in full force and effect and was binding upon
12 Employer Defendants.

13     39.    These laws set forth in the preceding paragraph require employers to refrain from
14 retaliating against an employee for engaging in protected activity.

15     40.    MR. IBARRA engaged in the protected activities of requesting accommodation,
16 requesting medical leave, exercising his right to medical leave and complaining about and protesting
17 Employer Defendants' discriminatory conduct towards MR. IBARRA based upon MR. IBARRA's,
18 disability, medical condition, real or perceived, and use of medical leave.

19     41.    MR. IBARRA suffered the adverse employment actions of unlawful discrimination,
20 failure to investigate, remedy, and/or prevent discrimination, forced unpaid leave, failure to reinstate
21 and/or return to work, and termination, and was harmed thereby.

22     42.    MR. IBARRA is informed and believes that MR. IBARRA's requests for
23 accommodation, request for medical leave, exercise of his right to medical leave, complaints and
24 protestations about PEP BOYS' discriminatory conduct, and/or some combination of these factors, were
25 motivating reasons and/or factors in the decisions to subject MR. IBARRA to the aforementioned
26 adverse employment actions.

27     43.    Employer Defendants violated the FEHA by retaliating against MR. IBARRA, and
28 terminating MR. IBARRA's employment for attempting to exercise his protected rights, by taking

1  medical leave, and requesting accommodation for his disability and/or medical condition as set forth
2  hereinabove.  MR. IBARRA's engagement in such protected activities were a substantial factor in
3  Employer Defendants' decision to subject MR. IBARRA to the aforementioned adverse employment
4  actions.

5       44.    MR. IBARRA is informed and believes, and based thereupon alleges, that the above acts
6  of retaliation committed by Employer Defendants were done with the knowledge, consent, and/or
7  ratification of, or at the direction of Employer Defendants and Employer Defendants' Managers.

8       45.    The above said acts of Employer Defendatns constitute violations of the FEHA, and were
9  a proximate cause in MR. IBARRA's damages as stated below.

10       46.    The foregoing conduct of Employer Defendants individually, and/or by and through its
11  officers, directors, and/or managing agents, was intended by Employer Defendants to cause injury to
12  MR. IBARRA or was despicable conduct carried out by Employer Defendants with a willful and
13  conscious disregard of the rights of MR. IBARRA or subjected MR. IBARRA to cruel and unjust
14  hardship in conscious disregard of MR. IBARRA's rights such as to constitute malice, oppression, or
15  fraud under Civil Code §3294, thereby entitling MR. IBARRA to punitive damages in an amount
16  appropriate to punish or make an example of Employer Defendants.

17       47.    Pursuant to Government Code §12965(b), MR. IBARRA requests a reasonable award of
18  attorneys' fees and costs, including expert fees pursuant to the FEHA.

19
20  **THIRD CAUSE OF ACTION**
21  **FOR FAILURE TO PREVENT DISCRIMINATION AND RETALIATION**
22  **IN VIOLATION OF GOV'T CODE §12940(k)**
23  **AGAINST ALL DEFENDANTS**

24       48.    MR. IBARRA re-alleges and incorporates by reference all preceding paragraphs,
25  inclusive, as though set forth in full herein.

26       49.    At all times hereto, the FEHA, including in particular Government Code §12940(k), was
27  in full force and effect and was binding upon Employer Defendants.  This subsection imposes a duty on
28  Employer Defendants to take all reasonable steps necessary to prevent discrimination and retaliation

-8-

from occurring. As alleged above, Employer Defendants violated this subsection and breached its duty by failing to take all reasonable steps necessary to prevent discrimination and retaliation from occurring.

50.     The above said acts of Employer Defendants constitute violations of the FEHA, and were a proximate cause in MR. IBARRA's damages as stated below.

51.     The foregoing conduct of Employer Defendants individually, and/or by and through its officers, directors, and/or managing agents, was intended by Employer Defendants to cause injury to MR. IBARRA or was despicable conduct carried out by Employer Defendants with a willful and conscious disregard of the rights of MR. IBARRA or subjected MR. IBARRA to cruel and unjust hardship in conscious disregard of MR. IBARRA's rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling MR. IBARRA to punitive damages in an amount appropriate to punish or make an example of Employer Defendants.

52.     Pursuant to Government Code §12965(b), MR. IBARRA requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

## FOURTH CAUSE OF ACTION
## FOR FAILURE TO PROVIDE REASONABLE ACCOMMODATIONS
## IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.
## AGAINST ALL DEFENDANTS

53.     MR. IBARRA re-alleges and incorporates by reference all preceding paragraphs, inclusive, as though set forth in full herein.

54.     At all times hereto, the FEHA, including in particular Government Code §12940(m), was in full force and effect and was binding upon Employer Defendants.

55.     This subsection imposes an ongoing duty on employers to make reasonable accommodation for the known physical disability and/or medical condition of an employee.

56.     At all relevant times, MR. IBARRA was a member of a protected class within the meaning of, in particular, Government Code §§12940(a) & 12986(1) et seq. because MR. IBARRA had a disability, a physical condition that affected MR. IBARRA's major life activities, and/or a medical condition of which Employer Defendants had both actual and constructive knowledge.

57.     At all times herein, MR. IBARRA was willing and able to perform the duties and functions of the position in which MR. IBARRA was employed, or could have performed the duties and functions of that position with or without reasonable accommodation. At no time would the performance of the functions of the employment position, with a reasonable accommodation for MR. IBARRA's disability and/or medical condition, actually or as it was perceived by Defendants, have been a danger to MR. IBARRA's or any other person's health or safety. Accommodation of MR. IBARRA's disability and/or medical condition, real or perceived by Employer Defendants would not have imposed an undue hardship on Employer Defendants. Employer Defendants failed and refused to accommodate MR. IBARRA's disability and/or medical condition, failed to engage in the interactive process with MR. IBARRA and continued to violate this obligation, up to and including the date of MR. IBARRA's termination.

58.     The above said acts of Employer Defendants constitute violations of the FEHA, and were a proximate cause in MR. IBARRA's damages as stated below.

59.     The foregoing conduct of Employer Defendants individually, and/or by and through its officers, directors, and/or managing agents, was intended by Employer Defendants to cause injury to MR. IBARRA or was despicable conduct carried out by Employer Defendants with a willful and conscious disregard of the rights of MR. IBARRA or subjected MR. IBARRA to cruel and unjust hardship in conscious disregard of MR. IBARRA's rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling MR. IBARRA to punitive damages in an amount appropriate to punish or make an example of Employer Defendants.

60.     Pursuant to Government Code §12965(b), MR. IBARRA requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

///

///

///

///

///

///

COMPLAINT FOR DAMAGES

**FIFTH CAUSE OF ACTION**

**FOR FAILURE TO ENGAGE IN A GOOD FAITH INTERACTIVE PROCESS**

**IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.**

**AGAINST ALL DEFENDANTS**

61.     MR. IBARRA re-alleges and incorporates by reference all preceding paragraphs, inclusive, as though set forth in full herein.

62.     At all times hereto, the FEHA, including in particular Government Code §12940(n), was in full force and effect and was binding upon Employer Defendants.

63.     This subsection imposes an ongoing duty on employers to engage in a timely, good faith, interactive process with the employee to determine effective reasonable accommodations, if any, in response to a request for reasonable accommodation by an employee with a known physical disability or known medical condition and/or becoming aware of the employee's need for accommodation.

64.     At all relevant times, MR. IBARRA was a member of a protected class within the meaning of, in particular, Government Code §§12940(a) & 12986(1) et seq. because MR. IBARRA had a physical disability that affected MR. IBARRA's major life activities, and/or a medical condition of which Employer Defendants had both actual and constructive knowledge.

65.     MR. IBARRA reported the disability and/or medical condition to Employer Defendants and requested accommodations, triggering Employer Defendants' obligation to engage in the interactive process with MR. IBARRA, but at all times herein, Employer Defendants failed and refused to do so. Thereafter, despite Employer Defendants' continuing obligation to engage in the interactive process with MR. IBARRA, and MR. IBARRA's desire to continue working in some capacity, Employer Defendants failed and refused to have any dialogue with MR. IBARRA, and Employer Defendants violated, and continued to violate this obligation up to and including the date of MR. IBARRA's termination.

66.     The above said acts of Employer Defendants constitute violations of the FEHA, and were a proximate cause in MR. IBARRA's damages as stated below.

67.     The foregoing conduct of Employer Defendants individually, and/or by and through its officers, directors, and/or managing agents, was intended by Employer Defendants to cause injury to

MR. IBARRA or was despicable conduct carried out by Employer Defendants with a willful and conscious disregard of the rights of MR. IBARRA or subjected MR. IBARRA to cruel and unjust hardship in conscious disregard of MR. IBARRA's rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling MR. IBARRA to punitive damages in an amount appropriate to punish or make an example of Employer Defendants.

68.     Pursuant to Government Code §12965(b), MR. IBARRA requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

## SIXTH CAUSE OF ACTION
## FOR WRONGFUL TERMINATION
## IN VIOLATION THE PUBLIC POLICY OF THE STATE OF CALIFORNIA
## AGAINST ALL DEFENDANTS

69.     MR. IBARRA re-alleges and incorporates by reference all preceding paragraphs, inclusive, as though set forth in full herein.

70.     At all relevant times mentioned in this complaint, the FEHA was in full force and effect and was binding on Employer Defendants.  This law requires Employer Defendants to refrain, among other things, from discriminating against any employee on the basis of disability or perceived disability, medical condition or perceived medical condition, and from retaliating against any employee who engages in protected activity.

71.     At all times mentioned in this complaint, it was a fundamental policy of the State of California that Employer Defendants cannot discriminate and/or retaliate against any employee on the basis of disability or perceived disability, medical condition or perceived medical condition, and/or engagement in protected activity.

72.     MR. IBARRA believes and thereon alleges that MR. IBARRA's disability and medical condition, real or perceived, engagement in protected activity with respect to these protected classes, and/or some combination thereof, were factors in Employer Defendants' conduct as alleged hereinabove.

///

73.     Such discrimination, and retaliation, resulting in the wrongful termination of MR. IBARRA's employment on the basis of MR. IBARRA's disability and medical condition, real or perceived, use of medical leave, engagement in protected activity, and/or some combination of these factors, were a proximate cause in MR. IBARRA's damages as stated below.

74.     The above said acts of Employer Defendants constitute violations of the Government Code and the public policy of the State of California embodied therein as set forth above.  Employer Defendants violated these laws by discriminating, and retaliating against MR. IBARRA, and terminating MR. IBARRA's employment in retaliation for exercise of protected rights.

75.     At all times mentioned in this complaint, it was a fundamental policy of the State of California that employers cannot discriminate and/or retaliate against any employee in violation of FEHA.

76.     MR. IBARRA is informed and believes, and based thereupon alleges, that MR. IBARRA's status as a protected member of the class under FEHA was a proximate cause in MR. IBARRA's damages as stated below.

77.     The foregoing conduct of Employer Defendants individually, and/or by and through its officers, directors, and/or managing agents, was intended by Employer Defendants to cause injury to MR. IBARRA or was despicable conduct carried out by Employer Defendants with a willful and conscious disregard of the rights of MR. IBARRA or subjected MR. IBARRA to cruel and unjust hardship in conscious disregard of MR. IBARRA's rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling MR. IBARRA to punitive damages in an amount appropriate to punish or make an example of Employer Defendants.

78.     Based on Employer Defendants' conduct as alleged herein, Defendants are liable for $2,055.78 in statutory penalties pursuant to Labor Code §203 and other applicable provisions, as well as attorneys' fees and costs.

///

///

///

///

COMPLAINT FOR DAMAGES

## **PRAYER FOR RELIEF**

**WHEREFORE**, MR. IBARRA seeks judgment against Defendants, in an amount according to proof:

1.     For a money judgment representing compensatory damages including lost wages, earnings, commissions, retirement benefits, and other employee benefits, and all other sums of money, together with interest on these amounts; for other special damages; and for general damages for mental pain and anguish and emotional distress and loss of earning capacity;

2.     For prejudgment interest on each of the foregoing at the legal rate from the date the obligation became due through the date of judgment in this matter;

3.     For injunctive relief barring Defendants' discriminatory employment policies and practices in the future;

4.     For injunctive relief barring Employer Defendants' discriminatory employment policies and practices in the future, and restoring MR. IBARRA to MR. IBARRA's former position with Employer Defendants;

5.     For punitive damages, pursuant to Civil Code §§3294 in amounts sufficient to punish PEP BOYS for the wrongful conduct alleged herein and to deter such conduct in the future;

6.     For costs of suit, attorneys' fees, and expert witness fees pursuant to the FEHA and/or any other basis;

7.     For post-judgment interest; and

///
///
///
///
///
///
///
///
///

-14-

8.     For any other relief that is just and proper.

DATED: January 14, 2019                THE DOMINGUEZ FIRM, LLP

By: _____
Jace H. Kim, Esq.
Carlos A. Perez, Esq.
Matias N. Castro, Esq.
Attorneys for Plaintiff
DANIEL IBARRA

## JURY TRIAL DEMANDED

MR. IBARRA demands trial of all issues by jury.

DATED: January 14, 2019                THE DOMINGUEZ FIRM, LLP

By: _____
Jace H. Kim, Esq.
Carlos A. Perez, Esq.
Matias N. Castro, Esq.
Attorneys for Plaintiff
DANIEL IBARRA

-15-

# CIV-190115-CIV-DS1901160-CCCS-082106



## Scanned Document Coversheet

System Code:   CIV
Case Number:   DS1901160
Case Type:   CIV
Action Code:   CCCS
Action Date:   01/15/19
Action Time:   8:21
Action Seq:   0006
Printed by:   RHERN

THIS COVERSHEET IS FOR COURT PURPOSES ONLY, AND THIS IS NOT A PART OF THE OFFICIAL RECORD. YOU WILL NOT BE CHARGED FOR THIS PAGE

## Civil Case Cover Sheet filed.



NEW FILE

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
Jace H. Kim, Esq. (SBN 282039) / Carlos A. Perez, Esq. (SBN 285645)
Matias N. Castro, Esq. (SBN 308498)
THE DOMINGUEZ FIRM, LLP
3250 Wilshire Blvd. Ste. 1200 Los Angeles, CA 90010
TELEPHONE NO.: (213) 381-4011    FAX NO.: (213) 201-8212
ATTORNEY FOR *(Name):* Plaintiff, Daniel Ibarra

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Bernardino
STREET ADDRESS: 247 West Third Street
MAILING ADDRESS: 247 West Third Street
CITY AND ZIP CODE: San Bernardino, CA 92415-0210
BRANCH NAME: San Bernardino District – Civil Division

CASE NAME:
Ibarra v. UPS Supply Chain Solutions, Inc., et al.

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

JAN 15 2019

BY _____
RAFAEL HERNANDEZ, DEPUTY

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: CIVDS1901160 |
|---|---|---|---|
| ☑ Unlimited (Amount demanded exceeds $25,000) | ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter ☐ Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: DEPT: |

**Items 1–6 below must be completed (see instructions on page 2).**

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☑ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☑ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary   b. ☑ nonmonetary; declaratory or injunctive relief   c. ☑ punitive
4. Number of causes of action *(specify):* Six (6)
5. This case ☐ is ☑ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: January 14, 2019
Jace H. Kim, Esq.
_____
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
*www.courtinfo.ca.gov*

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
  Damage/Wrongful Death
Uninsured Motorist (46) (*if the
  case involves an uninsured
  motorist claim subject to
  arbitration, check this item
  instead of Auto*)
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
    Wrongful Death
Product Liability (*not asbestos or
  toxic/environmental*) (24)
Medical Malpractice (45)
  Medical Malpractice–
    Physicians & Surgeons
  Other Professional Health Care
    Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip
    and fall)
  Intentional Bodily Injury/PD/WD
    (e.g., assault, vandalism)
  Intentional Infliction of
    Emotional Distress
  Negligent Infliction of
    Emotional Distress
  Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
  Practice (07)
Civil Rights (e.g., discrimination,
  false arrest) (*not civil
  harassment*) (08)
Defamation (e.g., slander, libel)
  (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
    (*not medical or legal*)
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease
    Contract (*not unlawful detainer
      or wrongful eviction*)
  Contract/Warranty Breach–Seller
    Plaintiff (*not fraud or negligence*)
  Negligent Breach of Contract/
    Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections
    Case
Insurance Coverage (*not provisionally
  complex*) (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
  Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property (*not eminent
    domain, landlord/tenant, or
    foreclosure*)
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (*if the case involves illegal
  drugs, check this item; otherwise,
  report as Commercial or Residential*)
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
    Case Matter
  Writ–Other Limited Court Case
    Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor
    Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
  (*arising from provisionally complex
  case type listed above*) (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of
    County)
  Confession of Judgment (*non-
    domestic relations*)
  Sister State Judgment
  Administrative Agency Award
    (*not unpaid taxes*)
  Petition/Certification of Entry of
    Judgment on Unpaid Taxes
  Other Enforcement of Judgment
    Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (*not specified
  above*) (42)
  Declaratory Relief Only
  Injunctive Relief Only (*non-
    harassment*)
  Mechanics Lien
  Other Commercial Complaint
    Case (*non-tort/non-complex*)
  Other Civil Complaint
    (*non-tort/non-complex*)
**Miscellaneous Civil Petition**
Partnership and Corporate
  Governance (21)
Other Petition (*not specified
  above*) (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult
    Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late
    Claim
  Other Civil Petition

**CIVIL CASE COVER SHEET**

# CIV-190115-CIV-DS1901160-COA-082204



## Scanned Document Coversheet

System Code:   CIV
Case Number:   DS1901160
Case Type:   CIV
Action Code:   COA
Action Date:   01/15/19
Action Time:   8:22
Action Seq:   0004
Printed by:   RHERN

THIS COVERSHEET IS FOR COURT PURPOSES ONLY, AND THIS IS NOT A PART OF THE OFFICIAL RECORD. YOU WILL NOT BE CHARGED FOR THIS PAGE

# Certificate of Assignment received.



NEW FILE

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO

Daniel Ibarra

CASE NO.: _CIVDS1901160_

vs.

**CERTIFICATE OF ASSIGNMENT**

UPS Supply Chain Solutions, Inc., et al.

A civil action or proceeding presented for filing must be accompanied by this Certificate. If the ground is the residence of a party, name and residence shall be stated.

The undersigned declares that the above-entitled matter is filed for proceedings in the
San Bernardino District of the Superior Court under Rule 404 of this court for the checked reason:

[■] General     [ ] Collection

| | **Nature of Action** | **Ground** |
|---|---|---|
| [ ] | 1. Adoption | Petitioner resides within the district. |
| [ ] | 2. Conservator | Petitioner or conservatee resides within the district. |
| [ ] | 3. Contract | Performance in the district is expressly provided for. |
| [ ] | 4. Equity | The cause of action arose within the district. |
| [ ] | 5. Eminent Domain | The property is located within the district. |
| [ ] | 6. Family Law | Plaintiff, defendant, petitioner or respondent resides within the district. |
| [ ] | 7. Guardianship | Petitioner or ward resides within the district or has property within the district. |
| [ ] | 8. Harassment | Plaintiff, defendant, petitioner or respondent resides within the district. |
| [ ] | 9. Mandate | The defendant functions wholly within the district. |
| [ ] | 10. Name Change | The petitioner resides within the district. |
| [ ] | 11. Personal Injury | The injury occurred within the district. |
| [ ] | 12. Personal Property | The property is located within the district. |
| [ ] | 13. Probate | Decedent resided or resides within the district or had property within the district. |
| [ ] | 14. Prohibition | The defendant functions wholly within the district. |
| [ ] | 15. Review | The defendant functions wholly within the district. |
| [ ] | 16. Title to Real Property | The property is located within the district. |
| [ ] | 17. Transferred Action | The lower court is located within the district. |
| [ ] | 18. Unlawful Detainer | The property is located within the district. |
| [ ] | 19. Domestic Violence | The petitioner, defendant, plaintiff or respondent resides within the district. |
| [ ] | 20. Other _____ | |
| [x] | 21. THIS FILING WOULD | NORMALLY FALL WITHIN JURISDICTION OF SUPERIOR COURT |

BY    FAX

The address of the accident, performance, party, detention, place of business, or other factor which qualifies this case for filing in the above-designed district is:

| UPS Supply Chain Solutions | 1590 S Archibald Ave |
|---|---|
| NAME – INDICATE TITLE OR OTHER QUALIFYING FACTOR | ADDRESS |
| Ontario | CA | 91761 |
| CITY | STATE | ZIP CODE |

I declare, under penalty of perjury, that the foregoing is true and correct and that this declaration was executed on January 14, 2019 at Los Angeles , California

_____
Signature of Attorney/Party

## CERTIFICATE OF ASSIGNMENT

13-16503-360, Rev 06-2014

## CIV-190115-CIV-DS1901160-NI-082202



### Scanned Document Coversheet

System Code:   CIV

Case Number:   DS1901160

Case Type:   CIV

Action Code:   NI

Action Date:   01/15/19

Action Time:   8:22

Action Seq:   0002

Printed by:   RHERN

> **THIS COVERSHEET IS FOR COURT PURPOSES ONLY, AND THIS IS NOT A PART OF THE OFFICIAL RECORD. YOU WILL NOT BE CHARGED FOR THIS PAGE**

# Notice Imaged



NEW FILE

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO


San Bernardino District - Civil
247 West Third Street

San Bernardino, CA. 924150210
------------------------------------------------------------------------
------------------------------------------------------------------------
                                        CASE NO: CIVDS1901160

                    NOTICE OF TRIAL SETTING CONFERENCE


IN RE: IBARRA V UPS SUPPLY CHAIN SOLUTIONS, INC., ET AL

THIS CASE HAS BEEN ASSIGNED TO: JOHN M PACHECO IN DEPARTMENT S31
FOR ALL PURPOSES.

Notice is hereby given that the above-entitled case has been set for
Trial Setting Conference at the court located at 247 West Third Street
SAN BERNARDINO, CA  92415-0210.

       HEARING DATE: 07/15/19 at  8:30 in Dept. S31


DATE: 01/15/19  Nancy Eberhardt, Court Executive Officer
                                    By: RAFAEL HERNANDEZ
------------------------------------------------------------------------
------------------------------------------------------------------------
                    CERTIFICATE OF SERVICE

I am a Deputy Clerk of the Superior Court for the County of San
Bernardino at the above listed address. I am not a party to this
action and on the date and place shown below, I served a copy of the
above listed notice:
( ) Enclosed in a sealed envelope mailed to the interested party
addressed above, for collection and mailing this date, following
standard Court practices.
( ) Enclosed in a sealed envelope, first class postage prepaid in the
U.S. mail at the location shown above, mailed to the interested party
and addressed as shown above, or as shown on the attached listing.
(X) A copy of this notice was given to the filing party at the counter
( ) A copy of this notice was placed in the bin located at this office
and identified as the location for the above law firm's collection of
file stamped documents.

Date of Mailing: 01/15/19
I declare under penalty of perjury that the foregoing is true and
correct. Executed on 01/15/19 at San Bernardino, CA

                        BY: RAFAEL HERNANDEZ


civ-ntsc-20130417

Notice 'NTSC' has been printed for the following Attorneys/Firms
or Parties for Case Number CIVDS1901160 on  1/15/19:


THE DOMINGUEZ FIRM
3250 WILSHIRE BLVD SUITE 1200
LOS ANGELES, CA 90010